F I L E D
Clerk
District Court

DEC – 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Thompson Law Office, LLC
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

CV 07 - 0036

| | |
|---|---|
| AM NURUL MONEM SARKER, SOHEL AHMED and AMBROCIO BAING. | )  CIVIL ACTION NO. 07-_____ |
| | ) |
| Plaintiffs, | )  COMPLAINT |
| | ) |
| v. | ) |
| | ) |
| KINSHIP ENTERPRISES, INC. and DOES I-V. | ) |
| | ) |
| Defendants. | ) |

**COMES NOW**, the Plaintiffs, by and through their counsel, as their claims and causes of action, Defendant Kingship Enterprises, Inc., alleges and aver as follows:

## JURISDICTION AND VENUE

1.      This action is brought under the Fair Labor Standard Act, 29 U.S.C. §§ 201 *et seq.* (hereafter designated as "FLSA") made applicable to this action by the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V §502(a)(2). Specifically, jurisdiction is conferred upon this Court pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b)

1

2.    The Court is further granted jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. §1331 (federal question jurisdiction), and as proceedings arising under an Act of Congress regulating commerce pursuant to 28 U.S.C. §1337(a).

3.    The Court has jurisdiction over Plaintiffs' wage claims pursuant to 29 U.S.C. § 216(b).

4.    The Court's jurisdiction over Plaintiffs' non-FLSA claims is granted pursuant to 28 U.S.C. § 1367(a)(supplemental jurisdiction).

5.    The Court's authority to issue declaratory relief in this action is conferred by 28 U.S.C. §§ 2201-2202.

6.    Venue is properly placed in the United States District Court for the Northern Mariana Islands in that all parties were present in and all acts alleged and complained of occurred in the Commonwealth of the Northern Mariana Islands ("CNMI").


**PARTIES AND CAPACITIES**

7.    Plaintiff, Ambrosio Baing is a citizen of the Republic of the Philippines and, at all relevant times, resided in the CNMI and was employed by or suffered to work by defendant pursuant to written contract for a fixed period of employment of one (1) year each as duly approved by the CNMI Department of Labor ("DOL") pursuant to the Non-resident Workers Act ("NWA"), 3 N.Mar.I. Code § 4411 *et seq.*

8.    Plaintiffs, Am Nurul Monem Sarker and Sohel Ahmed are citizens of the Bangladesh and, at all relevant times, resided in the CNMI and were employed by or suffered to work by defendant pursuant to written contract for a fixed period of employment of one (1) year each as duly approved by the CNMI Department of Labor ("DOL") pursuant to the Non-resident Workers Act ("NWA"), 3 N.Mar.I. Code § 4411 *et seq.*

9.     At all relevant times, Defendant is a Corporation incorporated pursuant to the laws of the CNMI with its principal of place of business in Saipan and has continuously been doing business in Saipan and has continuously had at least nine (9) employees.

10.     At all relevant times, Defendant has continuously been an employer engaged in an industry effecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 42 U.S. C. & 2000e(b), (g) and (h).

11.     Plaintiffs are ignorant of the true, complete, and precise names and capacities of defendants sued herein as DOES I through V, and therefore sues these defendant by such fictitious names.  Plaintiffs will ask for leave of court to amend this complaint to allege the true names and capacities of these defendants when ascertained.

12.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, joint, employer, integrated enterprise, employee and/or under the direction and control of the other Defendants, except as otherwise specifically alleged.  Said acts and failure to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendants acting individually, jointly, and/or severally.

13.     It is further alleged on information and belief that the unnamed Defendants in the complaint are alter egos, joint employers, and/or integrated enterprises of Defendant Kinship Enterprises, Inc.

## FACTUAL BACKGROUND

14.     On or about the year 2001, Plaintiff, Ambrocio Baing signed an employment contract with the Defendant for $3.05 per hour up for work up to the year 2002.

15.     On or about the year 2001, Plaintiffs, Am Nurul Monem Sarker and Sohel Ahmed signed an employment contract with the Defendant for $3.05 per hour up for work up to the year 2002.

16.     Plaintiffs renewed their contracts for each consecutive year through year 2007.

17.     Defendant's failed and refused to pay the compensation indicated in the employment contract to Plaintiffs in breach of contract.

18.     Defendant is thus liable to Plaintiffs for the amount or value of the compensation amount, plus prejudgment interest, and an additional amount as liquidated damages thereon under the NWA.

19.     As a direct and proximate result of Defendant's actions and conduct, Plaintiffs' suffered substantial and severe economic loss in benefits and wages under their contract.

20.     Plaintiffs incurred medical expenses that to date has not been reimbursed by the Defendant in the amount proven at the trial.

21     Defendant's conduct and acts were done intentionally, maliciously, and oppressively and in conscious disregard of Plaintiffs' rights and constituted a willful breach of the implied covenants of good faith and fair dealing of the contract, thus entitling, Plaintiffs to an award of special compensatory, consequential, and exemplary damages in an amount to be proven at the trial and an equitable award attorney's fees.

## FLSA VIOLATION - UNPAID OVERTIME COMPENSATION

22.    Plaintiffs incorporate herein by reference paragraph 1-21 as hereinabove alleged as if set forth here in full.

23.    Defendant violated the provisions of § 207(a) of the FLSA by failing to pay Plaintiffs overtime compensation in the amount of one and one-half times their regular pay rate for all of the hours worked by Plaintiff in excess of forty (40) hours in each work week.

24.    Plaintiffs is entitled to cost of the action and reasonable attorneys fees pursuant to § 216(b) of the FLSA.

## BREACH OF CONTRACT

25.    Plaintiffs incorporate herein by reference paragraph 1-24 as hereinabove alleged as if set forth here in full.

26.    Plaintiffs performed all of the duties and responsibilities and fulfilled the conditions of their Contracts

27.    Due to Defendant's breach of contract, Plaintiffs were damaged and continue to be damaged in an amount to be proven at trial.

28.    Plaintiffs are therefore entitled to recover from defendant as damages their full contract wages overtime compensation and other loss benefits under their employment contract in an amount to be proven at trial.

## FRAUD AND DECEIT

29.    Plaintiffs incorporate herein by reference paragraph 1-28 as hereinabove alleged as if set forth here in full.

30.    Defendant's statements contained in the Contracts were false and untrue.  In truth, the Defendant did not intent to honor those commitments but merely intended to induce Plaintiffs to accept

the position.  Defendant misrepresented its true intention with the intent to deceive plaintiffs in that it did not intend to honor the terms of the Contracts.

31.    As a result of the said actions and conduct of defendant, Plaintiffs were caused and have suffered lost pay and benefits.  The Plaintiffs therefore seek and are entitled to pecuniary damages, costs and attorney's fees.

32.    The foregoing described deceit, failure to communicate, acts and conducts of defendant constitute fraud was done willfully, maliciously, fraudulently, and with reckless disregard for plaintiffs' rights.

**WHEREFORE**, Plaintiffs prays for Judgment as follows:

1.    An award to Plaintiffs for appropriate back-pay with pre-judgment interest, in amounts to be determined at trial.

2.    An award to Plaintiffs by providing compensation for past and future pecuniary  losses resulting from unlawful employment practices described in paragraph 14 above, including medical expenses not paid by the employer, in amounts to be determined at trial.

3.    An award to Plaintiffs for punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

4.    For reasonable attorneys fees incurred;

5.    For costs of suit incurred;

6.    For Liquidated Damages;

7.    For temporary work authorization during the pendency of this matter;

8.    For transfer relief; and

9.    For such and further relief as the court may deem proper.


Respectfully submitted this 24th day of November 2007.


COLIN M. THOMPSON
Attorney for Plaintiffs